ELIJAH PINE

VS

TAFT A. HAIK

8998

NO. 9898

COURT OF APPEAL

PARISH OF ORLEANS

: : : : : :

WILLIAM A. BELL, JUDGE

FEBRUARY 19, 1925.

Court of Appeal
PARISH OF ORLEANS
FEB 2/19/23
Stansbury

8998

By WILLIAM A. BELL, Judge.

This is a suit for damages which plaintiff claims to have suffered to the extent of $250.00 for injury to his horse and buggy arising from a collision with defendant's automobile. The trial Court found for the plaintiff in the sum of $165.00, from which judgment defendant has appealed.

The accident occurred on the wood-side of Burgundy Street, about 40 feet from the corner of Burgundy and St. Ferdinand Streets, in this City. It appears that about 8:30 o'clock on the night of April 29, 1922, while plaintiff's buggy and horse were standing at the above locality and during a heavy rainstorm, defendant's automobile struck the buggy on its rear left side, completely destroying the rear left wheel. The evidence is conflicting as to the nature or extent of damages to the horse, and the judgment of the trial Court does not show, except inferentially from the amount awarded, that the Court found both the animal and the buggy to have been injured. The horse and buggy wereeach valued by plaintiff at $125.00, while the judgment, as above stated, was for $165.00. The plaintiff and one of his witnesses are the only parties who testified that the horse was injured, the plaintiff swearing that one of the horse's legs was injured and that he was never able to use the horse from the time of the accident until its death four months thereafter. The plaintiff was not in his buggy when the accident occurred, but had taken shelter under a gallery or shed, to the post of which he had tied his horse. We are satisfied from the evidence that there was no light on the rear of the buggy. There was considerable argument before us over the evidence concerning the lantern on the dash-board of plaintiff's buggy and whether same was lighted at the moment of the accident or extinguished by either the

307

rain or by the impact of the collision. The determination of these questions is immaterial for the reason that no traffic ordinances have been pleaded or offered by either litigant, and for the further reason that we are convinced from a careful examination of the entire record that the place of the accident was well lighted by the public or municipal electric light shewn to have been burning near the place and at the time of the accident. We also find that both headlights on defendant's automobile were burning. Defendant testifies that even under these conditions he did not see the buggy at any time until his car collided with it, and that he was not going more than eight miles an hour when approaching the buggy. Under all these circumstances and notwithstanding that there was a heavy rainstorm which might have partially obscured his outlook, we are of the opinion that the defendant could and should have avoided the accident.

There is evidence in the record to the effect that the total repairs to plaintiff's buggy would cost him $40.00. He has not claimed nor proven any damage for deprivation of its use, and we think this amount should be allowed him for repairs. We do not think, however, from the nature of the evidence before us that plaintiff has satisfactorily proven that the accident resulted in either injury to his horse or that it ultimately caused the animal's death. Plaintiff first swears, in describing the accident, that the collision with his buggy threw the horse on the curbing and that he ran to the animal and made him stand up, which he could hardly do. When asked by his Counsel what happened to his horse, he answered: "He died from breaking the leg; it gave him the lock-jaw." Immediately after this positive statement, made under oath, he relates the story on the next page of his testimony

that after the accident, he rode the horse towards home for a distance of two blocks, but that finding the horse was unable to carry him, he then walked the animal from ten o'clock until nearly one o'clock that night from St. Claude Street to his home, as far a distance as Flood Street and Florida Walk. Only one other witness than the plaintiff testifies that the horse showed the slightest evidence of even limping, while none of the several other eye witnesses to the accident testified that the horse was even thrown to the street or curbing, but, on the contrary, all of them swear that the horse was standing all the while after the accident. On cross-examination of the plaintiff he gives further and more startling contradictory evidence in stating that he took the animal to a veterinary "when he could get him to walk," and then he immediately says that he did not take him to the veterinary because the horse could not walk, but that he consulted a veterinary, who, without seeing the animal, prescribed a liniment for the horse's bruised (not broken) leg, which was all swollen above and below the knee. He finally swears the horse's knee cap was knocked out of place and that he died in August, four months after the accident. Although plaintiff's petition specifically names the veterinarian alleged to have treated the injured horse, no such witness was produced in corroboration of plaintiff's story, nor has any evidence been offered to confirm the death of the animal nor the cause of the death if such has occurred.

In the light of this contradictory and unsatisfactory evidence, as above discussed, we are not able to conclude that the plaintiff has established, by any convincing facts, that that the horse was in any way injured or that damages from the accident have been suffered by the plaintiff in this respect.

It is, therefore, ordered, adjudged and decreed that

the judgment herein appealed from be and the same is hereby amended so as to reduce said judgment from the sum of $165.00 to the sum of $40.00. The judgment, as thus amended, is hereby affirmed at defendant's costs in both courts.

JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.          February 19, 1923.